# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MICHAEL McGOUGH,

    Petitioner,

-vs-                                        Case No. 8:13-CV-1083-T-30EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## **ORDER**

Petitioner, a State of Florida inmate, filed a Petition for Writ of Habeas Corpus (hereinafter "petition") on April 16, 2013 (Dkt. 1).[1] On October 10, 2013, Respondent filed a limited response to the petition in which Respondent argued that the petition is untimely and must be dismissed as time-barred (Dkt. 12). Respondent also filed exhibits in support of the limited response/motion to dismiss (Dkt. 14). Petitioner filed a reply to the limited response in which he concedes that the petition is time-barred, but argues that pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the time-bar does not prevent this Court from reviewing his claims of ineffective assistance of trial counsel (Dkt. 15). After carefully examining Respondent's limited response/motion to dismiss, Petitioner's reply, the record, and the applicable law, the Court concludes that the petition is time-barred under the provisions of 28 U.S.C. § 2244(d).

---

[1] Although the Court received Petitioner's petition on April 23, 2013, a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). Petitioner placed his petition in the prison mailing system on April 16, 2013 (Dkt. 1 at p. 1).

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a limitation period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's judgment became final on February 22, 2011, ninety (90) days after the appellate court affirmed Petitioner's convictions on November 24, 2010.[2] *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (finding that the limitation period did not begin to run until the 90-day window during which [the § 2254 petitioner] could have petitioned the United States Supreme Court for a writ of certiorari expired). Unless the limitation period was tolled by a motion for collateral review, Petitioner had until February 22, 2012, to file his federal habeas petition.

On March 23, 2012, Petitioner filed a state petition for writ of habeas corpus alleging ineffective assistance of appellate counsel (Dkt. 1 at p. 3); (Respondent's Ex. 5). The habeas petition, however, was filed beyond the expiration of the February 22, 2012 federal limitation deadline. As a consequence, the state habeas petition, and the subsequently filed application

---

[2]*See McGough v. State*, 49 So. 3d 757 (Fla. 2d DCA 2010) [table].

for post conviction review (see Respondent's Exs. 7, 10), did not toll the federal limitation period. "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period." *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). Consequently, Petitioner's federal petition is untimely.

**Equitable Tolling**

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). And, in *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), "the Supreme Court held that, actual innocence, if proved, permits a petitioner to overcome. . .the expiration of the statute of limitations in order to have the merits of his constitutional claims heard." *In re Strickland*, 2013 U.S. App. LEXIS 17816, at *5 (11th Cir. July 30, 2013) (citing *McQuiggin*, 133 S.Ct. at 1928). Here, Petitioner has not presented any argument to establish that he is actually innocent of the crimes for which he was convicted or that extraordinary circumstances prevented him from timely filing his federal habeas petition.

Regarding *Martinez*, Petitioner cannot rely on it to argue that the state's failure to appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial allows him to avoid the time-bar. In *Martinez*, the Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective

3

assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S. Ct. at 1320.

Petitioner's case is clearly distinguishable from the petitioner's in *Martinez*, which involved whether a procedural bar, not a time-bar, should apply to an ineffective assistance of trial counsel claim. *Martinez* "has no effect on the timeliness" of Petitioner's petition. *United States v. Juarez*, 2013 U.S. Dist. LEXIS 28794, at **9 (N.D. Fla. Jan. 31, 2013). *See also*, *e.g.*, *Wise v. Rozum*, 2013 U.S. Dist. LEXIS 153925, at *12-13 (D. Pa. 2013) ("*Martinez* does not recognize a new time-bar excuse, but only a limited and equitable excuse for procedural default.") (citations omitted); *United States ex rel. Ames v. Lemke*, 2013 U.S. Dist. LEXIS 150550, at *10 (N.D. Ill. Oct. 21, 2013) ("*Martinez*. . .concern[s] how a petitioner may excuse his procedural default of a claim that he asserts in a habeas corpus petition, not how a petitioner may show an excuse for an untimely petition."); *Guidry v. Cain*, 2013 U.S. Dist. LEXIS 80490, at *5 (W.D. La. May 15, 2013) ("*Martinez* [does not] suggest that otherwise time-barred claims of ineffective assistance of counsel should be addressed on the merits.").

ACCORDINGLY, it is **ORDERED** that:

1. The petition for writ of habeas corpus is **DISMISSED** as time-barred (Dkt. 1).

2. The **Clerk** shall terminate all pending motions and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to

appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

And, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on October 29, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Petitioner *pro se*
　　　　 Counsel of Record